DAVID A. HUBBERT
Deputy Assistant Attorney General

CHARLES M. DUFFY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
Telephone: (202) 307-6406
charles.m.duffy@usdoj.gov
*Attorneys for the United States of America*

PHILLIP A. TALBERT
United States Attorney
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CURTIS L. PARRY.<br><br>    Defendant. | COMPLAINT |

COMES NOW the United States of America, by its undersigned counsel, complains and alleges as follows:

**INTRODUCTION**

1. This is a civil action brought by the United States of America to reduce to judgment certain federal income tax and related assessments made against Curtis L. Parry ("Curtis Parry") for his 2000, 2001 and 2002 tax years.

**JURISDICTION AND VENUE**

2. This action is authorized by the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with 26 U.S.C. § 7401.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the federal tax liabilities that are the subject of this action arose in this judicial district and Curtis Parry resides in Lodi, California, which is in this district.

**IDENTIFICATION OF THE DEFENDANT**

5. Curtis Parry is named as a defendant because he incurred the federal income tax at issue in this case and is liable for the unpaid taxes and related statutory additions assessed against him that are described below.

**THE DEFENDANT'S FEDERAL CRIMINAL TAX CASE**

6. In May of 2010, Curtis Parry was convicted of the following six federal crimes in *United States v. Curtis Leigh Parry*, Cr. No. 07-0215 (N.D.Cal.) (hereafter "the criminal case"):

   a. Tax Evasion under 26 U.S.C. § 7201 relating to the amount of total tax due that was reported on his IRS Form 1040 Federal Individual Income Tax Return filed for the 2000 tax year;

   b. Tax Evasion under 26 U.S.C. § 7201 relating to the amount of total tax due that was reported on his IRS Form 1040 Federal Individual Income Tax Return filed for the 2001 tax year;

    c.    Tax Evasion under 26 U.S.C. § 7201 relating to the amount of total tax due that was reported on his IRS Form 1040 Federal Individual Income Tax Return filed for the 2002 tax year;

    d.    Willfully making and subscribing a false and fraudulent tax return under to 26 U.S.C. § 7206(1) relating to the Federal Corporate Income Tax Return (Form 1120-A) filed on or about May 25, 2001 by Salinas Valley Engineering & Manufacturing, Inc. ("SVEM") that he was the president of;

    e.    Willfully making and subscribing a false and fraudulent tax return pursuant to 26 U.S.C. § 7206(1) relating to SVEM's Federal Corporate Income Tax Return (Form 1120-A) filed on or about May 5, 2002 by SVEM; and

    f.    Willfully making and subscribing a false and fraudulent tax return pursuant to 26 U.S.C. § 7206(1) relating to the Federal Corporate Income Tax Return (Form 1120) filed on or about May 28, 2003 by SVEM.

7. In Curtis Parry's Plea Agreement that was filed in the criminal case on February 8, 2010, he specifically agreed and admitted that he owed additional federal income taxes for his 2000, 2001 and 2002 years.

## THE INCOME TAX AND OTHER ASSESSMENTS MADE BY THE IRS FOR THE DEFENDANT'S 2000, 2001 and 2002 TAX YEARS

8. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely assessments for federal individual income taxes, statutory penalties and interest accruing thereto, against Curtis Parry, as follows:

| Tax | Year | Assessment Date | Assessed Tax Amount | Outstanding Balance as of July 15, 2022 |
|---|---|---|---|---|
| 1040 | 2000 | October 1, 2012 | $ 26,776.00 | $ 132,155.36 |
| 1040 | 2001 | October 8, 2012 | $ 77,818.00 | $ 364,687.43 |
| 1040 | 2002 | September 3, 2012 | $ 17,948.00 | $  63,317.51 |

9. The tax assessments set forth in paragraph 8 and the related statutory penalty and interest assessments were based on adjustments made by the IRS subsequent to Curtis Parry's conviction in the criminal case.

10. Curtis Parry consented to the IRS making the tax assessments and the related statutory penalty and interest assessments that are described in paragraph 8.

11. Included in the referenced statutory penalties assessed against Curtis Parry for the 2000, 2001 and 2002 tax years include civil fraud penalties that were assessed against him under 26 U.S.C. § 6663, as follows:

| Tax Year | Civil Fraud Penalty |
|---|---|
| 2000 | $ 20,350.50 |
| 2001 | $ 60,184.50 |
| 2002 | $ 15,622.50 |

12. A challenge by Curtis Parry to the civil fraud penalty assessments in the instant suit would be barred by collateral estoppel based on his convictions in the criminal case.

13. Timely notices of the assessments described in paragraph 8 above were given to Curtis Parry and demands for payment of these assessments were made, as required by 26 U.S.C. § 6303.

14. Despite notice and demand for payment of the assessments described in paragraph 8, above, Curtis Parry neglected, failed, or refused to pay the indebted amounts on those assessments.

15. The assessments described in paragraph 8 above, plus accrued statutory interest and other statutory additions from the dates of the assessments, less any abatements, payments, or credits, remain due and owing. As of July 15, 2022, the aggregate outstanding balance of these assessments, taking into account payments, credits, and abatements, is $560,160.30, plus statutory interest and other statutory additions as provided by law.

### CLAIM FOR RELIEF:  REDUCE INCOME TAX AND OTHER ASSESSMENTS MADE AGAINST THE DEFENDANT FOR HIS 2000, 2001 AND 2002 TAX YEARS TO JUDGMENT

16. The United States incorporates by reference the allegations contained in paragraphs 1 through 15, above, as if fully set forth here.

17. Curtis Parry remains indebted for the balance of the assessments described in paragraph 8 above, and the United States is entitled to a judgment against him in the amount of $560,160.30 plus accrued interest and statutory additions according to law, less any payments or credits, from July 15, 2022.

### REQUEST FOR RELIEF

WHEREFORE, plaintiff, the United States of America, respectfully prays:

A.  That this Court enter a judgment in favor of the United States and against Curtis Parry in the amount of $560,160.30 based on unpaid federal income tax liabilities for the 2000, 2001 and 2002 income tax years plus statutory additions accruing after July 15, 2022; and

B.  That the United States be awarded its costs and such other further relief as the Court deems just and proper.

Respectfully submitted this 15th day of August, 2022,

>DAVID A. HUBBERT
>Deputy Assistant Attorney General
>
> /s/ Charles M. Duffy
>**CHARLES M. DUFFY**
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Washington, D.C.  20044
>Telephone:  (202) 307-6406
>charles.m.duffy@usdoj.gov
>*Attorneys for the United States of America*
>
>PHILLIP A. TALBERT
>United States Attorney
>*Of Counsel*